UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JESSIE SIMMONS | CIVIL ACTION |
| VERSUS | NO: 20-2174 |
| CARDINAL HEALTH, INC., et al | SECTION: "J"(2) |

**ORDER AND REASONS**

Before the Court is a *Motion to Dismiss* **(Rec. Doc. 9)** filed by Defendants, Cardinal Health 200, LLC and Cardinal Health, Inc (collectively "Cardinal Health"). Plaintiff, Jessie Simmons, opposes the motion. (Rec. Doc. 15). Defendants filed a reply (Rec. Doc. 22). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED in part and DENIED in part**.

**FACTS AND PROCEDURAL HISTORY**

Defendants in this case designed, manufactured, tested, marketed, promoted, and sold a high viscosity bone cement known as Cardinal Health Arthroplasty Bone Cement (hereinafter "Cardinal HV"), which was intended to be used in total knee arthroplasties. The bone cement is used to attach artificial knee joints to the femur and tibia. Bone cement may be low, medium, or high viscosity, but all three types of bone cements have the same intended use and are used interchangeably.

On February 28, 2018, Plaintiff received a total knee arthroplasty in which Cardinal HV was used. Plaintiff alleges that he was forced to undergo a revision

1

surgery on August 7, 2019 due to the defectiveness of Defendants' Cardinal HV. Specifically, Plaintiff alleges that Defendants' Cardinal HV failed due to mechanical loosening. Plaintiff also alleges that high viscosity bone cements, such as Cardinal HV, have been proven worse than lower viscosity bone cements because they fail more often and have an increased risk of mechanical loosing.

On August 4, 2020, Plaintiff filed the present action against Defendants, primarily alleging that Defendants violated the Louisiana Products Liability Act ("LPLA") due to a design defect, construction or composition defect, and breach of express warranty. Plaintiff also alleges that Defendants breached the warranty against redhibitory defects. In response, Defendants filed the instant motion to dismiss.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citations omitted). The allegations "must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

"Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561 (5th Cir. 1998)). To survive a Rule 12(b)(6)

2

motion to dismiss, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor*, 296 F.3d at 378.

## DISCUSSION

### I. DESIGN DEFECT

First, Defendants argue that Plaintiff failed to state a design defect claim because Plaintiff did not allege the existence of an alternative design. After establishing that a product caused damage through a reasonably anticipated use, a plaintiff alleging a design defect must prove: "(1) there existed an alternative design that was capable of preventing the claimant's damage, and (2) the risk avoided by the alternative design outweighed the burden of its adoption by the manufacturer and any adverse effect the alternative design would have on the product's utility." *Marable v. Empire Truck Sales of Louisiana, LLC*, 2016-0876 (La. App. 4 Cir. 6/23/17), 221 So. 3d 880, 895 (citing LA. REV. STAT. § 9:2800.56).

In this case, Plaintiff alleges that a low or medium viscosity bone cement is a safer reasonable alternative design to high viscosity bone cement. (Rec. Doc. 1, at ¶26-29). Specifically, Plaintiff alleges that lower viscosity bone cement designs are safer than Cardinal HV because Cardinal HV suffers from "significantly increased variations in application and setting times." (Rec. Doc. 1, at ¶37). In support of Plaintiff's allegations, Plaintiff argues that the *Orthopaedic Research Society* and *Journal of Arthroplasty* have published research showing that high viscosity bone cement is less effective than lower viscosity bone cement, due to increased risk of failure. (Rec. Doc. 1, at ¶¶ 26-27). In their motion to dismiss, Defendants argue that low or medium viscosity bone cements are not an alternative design to high viscosity bone cements, but instead, they are an entirely different product. (Rec. Doc. 9, at p. 5). Thus, this argument turns on where the line is drawn between an alternative design of a product and an entirely different product.

In support of their argument, Defendants cite *Theriot v. Danek Medical, Inc.*, where the Fifth Circuit Court of Appeals examined this issue with regards to the use of pedicle screws for biomechanical stability. 168 F.3d 253, 255 (5th Cir. 1999). In that case, the plaintiff raised two separate arguments. *Id.* at 255-56. First, the plaintiff argued that all pedicle screws were an alternative design to other classes of product that provide biomechanical stability, "such as external neck braces or internal systems that use hooks or wires." *Id.* at 255. The Fifth Circuit rejected this argument, holding that this was an issue with the physician's choice of treatment, rather than the design of the product. *Id.* In the alternative, the plaintiff also argued

4

that there were alternative pedicle screw designs that would have prevented his injury. *Id.* Although the Fifth Circuit rejected this argument because it had not been raised to the district court, the Fifth Circuit noted that an alternative pedicle screw design may have existed that supported the plaintiff's claim. *Id.* In summary, the Fifth Circuit in *Theriot* held that different types of products that perform the same function are not alternative designs, but instead, alternative designs are variations in the characteristics of a single type of product. *Id.* at 255-56.

In this case, Plaintiff does not allege that alternatives with the same function could have achieved the same result as bone cements. Instead, Plaintiff argues that a bone cement with a less viscous design would have prevented his injury, which is a characteristic of the bone cement, not an entirely different product. Thus, Plaintiff has sufficiently alleged that lower viscosity bone cements are an alternative design to high viscosity bone cements. Since Plaintiff alleges that lower viscosity designs are a reasonable alternative design with lower risk of mechanical loosening, the Court finds the Complaint plausibly states a design defect claim under the LPLA.

## II.   CONSTRUCTION OR COMPOSITION DEFECT

Next, Defendants argue that Plaintiff's construction or composition defect claim should be dismissed. To survive this motion, Plaintiff must have plausibly alleged Defendants' specification or performance standards for Cardinal HV and "how the product in question materially deviated from those standards so as to render it unreasonably dangerous." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2013). The Complaint asserts that Cardinal HV has "significantly

increased variations in application and setting times," which Plaintiff submits should be sufficient to state a claim for a construction or composition defect. (Rec. Doc. 1, at ¶37). However, this quote is prefaced by a comparison to the design used for a competing bone cement known as Palacos, which tends to prove Defendants' assertion that this quote was in reference to a potential design defect, not a construction or composition defect. (Rec. Doc. 1, at ¶37). In addition, this conclusory reference does not specify the specifications or performance standard of Cardinal HV, nor does it establish how or why the product deviated from those standards. Thus, the Court finds that Plaintiff did not adequately plead a construction or composition defect claim.

However, courts in this circuit are "mindful that much of the evidence in pharmaceutical products liability cases may be in the defendant's possession, and thus, without the benefit of discovery, stating more specific allegations may be nearly impossible at this stage." *Lahaye v. AstraZeneca Pharm. LP*, No. CIV.A. 14-00111, 2015 WL 1935947, at *5 (M.D. La. Apr. 28, 2015). The Court agrees with Plaintiff that it would be nearly impossible to adequately plead a construction or composition defect claim in this case without first conducting discovery regarding the specifications and performance standards of Cardinal HV. Therefore, the Court finds that Plaintiff's construction or composition defect claim should be dismissed without prejudice, so it may be realleged if new evidence supporting this claim is found during discovery.

### III.   BREACH OF EXPRESS WARRANTY

Third, Defendants argue that Plaintiff's breach of express warranty claim should be dismissed. To state a claim for breach of express warranty under the LPLA, a plaintiff must plead that: "(1) there was an express warranty made by the manufacturer about the product; (2) the express warranty induced the plaintiff to use the product; and (3) the plaintiff's damage was proximately caused because the express warranty was untrue." *Parra v. Coloplast Corp.*, No. 16-14696, 2017 WL 24794, at *4 (E.D. La. Jan. 3, 2017) (citing LA. REV. STAT. § 2:2800.58).

Plaintiff alleges that the following representations by Cardinal Health are express warranties:

(1) that the Cardinal HV Bone Cements are a safe and effective bone cement, with safety and efficiency features similar to other bone cements (Rec. Doc. 1, at ¶ 104);

(2) that Cardinal HV "provides the mechanical and fatigue strength to meet surgeons' needs. A short waiting time and a long working time offer surgeons flexibility during introduction and positioning of the implant" (Rec. Doc. 1, at ¶ 35);

(3) that Cardinal HV is similar to Palacos, another HV cement, and has "[s]imilar handling properties to Palacos® R and Palacos® R+G." (Rec. Doc. 1, at ¶ 36);

(4) that Cardinal HV provides the speed and rapid mixing times of high-viscosity cement, while also marketing, promoting, and representing that Cardinal HV was as strong, safe, and effective as Palacos or non-HV cements (Rec. Doc. 1, at ¶ 38).

However, "[a] general opinion about or general praise of a product" is not an express warranty. LA. REV. STAT. § 9:2800.53(6). Further, a representation that a product is "safe" is considered general praise of a product, and thus, is not an express warranty. *Pierre v. Medtronic, Inc.*, No. CV 17-12196, 2018 WL 1911829, at *5 (E.D. La. Apr.

23, 2018) (citing *Doe v. AstraZeneca Pharm. LP*, No. 15-438, 2015 WL 4661814, at *4 (E.D. La. Aug. 5, 2015); *Corley v. Stryker Corp.*, No. 13-2571, 2014 WL 3375596, at *5 (W.D. La. May 27, 2014)). In addition, representations made to market a product are not generally considered express warranties. *Robertson v. AstraZeneca Pharmeceuticals, LP*, No. CIV.A. 15-438, 2015 WL 5823326, at *5 (E.D. La. Oct. 6, 2015) (citing *Becnel v. Mercedes–Benz USA, LLC*, No. 14–0003, 2014 WL 4450431, at *4 (E.D. La. Sept. 10, 2014).

The Court agrees with Defendants that representations (1) and (4) are general opinions regarding the safety of the product due to their lack of specificity. Thus, these two representations are not express warranties. On the other hand, representation (2) is not a general opinion; rather, it contains specific descriptions of the products qualities, such as the product's "mechanical and fatigue strength." Similarly, representation (3) is also not a general opinion because it specifically describes the handling properties of Cardinal HV by comparing it to the handling properties of Palacos bone cements. However, the Complaint does not specifically allege whether Plaintiff or Plaintiff's physician heard these representations prior to Plaintiff's surgery, nor does it allege that they were induced into using Cardinal HV by these representations. Therefore, Plaintiff has failed to state a claim for breach of express warranty, and this claim should be dismissed.

### IV.   MISCELLANEOUS RELIEF

Finally, Defendants seek to dismiss: (1) any claims preempted by the LPLA; (2) any claims for personal injury damages under Plaintiff's claim for breach of the

warranty against redhibitory defects; (3) any claims for attorney's fees outside of those permitted to recover pure economic loss in redhibition; and (4) any claims for punitive damages. Plaintiff responds by asserting that the Complaint does not list any claims preempted by the LPLA or any personal injury claims outside of those allowed under the LPLA. Plaintiff also does not oppose the dismissal of any claims for punitive damages or attorney's fees outside of those allowed under the claim for breach of the warranty against redhibitory defects.

The Court agrees that the Complaint does not include any claims preempted by the LPLA or any personal injury claims outside of those allowed under the LPLA. The Court also agrees that Plaintiff's request for punitive damages and attorney's fees outside of those permitted under Plaintiff's claim for breach of the warranty against redhibitory defects should be dismissed.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 9)** is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 9)** is **GRANTED** as to Plaintiff's construction or composition defect and breach of express warranty claims. Plaintiffs' claims alleged in Count III and Count IV of the Complaint are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 9)** is **GRANTED** as to Plaintiff's claims for punitive damages and attorney's fees.

Plaintiff's claims for punitive damages and attorney's fees, except those permitted under Plaintiff's claim for breach of the warranty against redhibitory defects, are **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 9)** is **DENIED** as to Plaintiff's design defect claim.

New Orleans, Louisiana, this 20th day of November, 2020.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE